UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PATRICK STONE,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>CONRAD PREHY; SHARP MESA VISTA HOSPITAL; DAVID BERMAN, Doctor; ELLIOT KASTER; ALVARADO HOSPITAL; SAN DIEGO COUNTY SHERIFF; EL CAJON POLICE DEPARTMENT; and KFR STAR REALTY<br><br>　　　　　　　　　Defendants. | CASE NO. 12-CV-2031 - IEG (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>[Doc. No. 2]<br><br>**(2)** *SUA SPONTE* **DISMISSING COMPLAINT**<br><br>[Doc. No. 1] |

Plaintiff commenced this action on August 17, 2012, appearing to allege that his civil rights were violated. [Doc. No. 1.] Along with his complaint, Plaintiff submitted a motion to proceed *in forma pauperis*. [Doc. Nos. 2.] Having considered Plaintiff's submissions, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

## DISCUSSION

**I.　MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit, or proceeding in a district court, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a).

1  However, an action may proceed despite failure to pay the filing fee if the party is granted *in*
2  *forma pauperis* ("IFP") status.  <u>See</u> <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1177 (9th Cir. 1999).  The
3  Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees
4  or give security therefor.  28 U.S.C. § 1915(a).

5  In the present case, having reviewed Plaintiff's motion and declaration in support of the
6  motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required
7  filing fees.  <u>See</u> <u>Rodriguez</u>, 169 F.3d at 1177.  Accordingly, good cause appearing, the Court
8  **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

9  **II.    INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

10  After granting IFP status, the Court must dismiss the case if the complaint "fails to state a
11  claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B); <u>see also</u> <u>Lopez v. Smith</u>, 203
12  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but
13  requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).
14  In order to properly state a claim for relief, "a complaint must contain sufficient factual matter,
15  accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S.
16  662, 678 (2009).  A complaint must contain more than a "labels and conclusions" or a "formulaic
17  recitation of the elements of a cause of action;" it must contain factual allegations sufficient to
18  "raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,
19  555 (2007).  "'The pleading must contain something more . . . than . . . a statement of facts that
20  merely creates a suspicion [of] a legally cognizable right of action.'"  <u>Id.</u>

21  As currently pleaded, Plaintiff's complaint fails to state a claim for relief that is plausible on
22  its face.  Plaintiff's complaint is one paragraph and simply states different causes of action and legal
23  conclusions.  [<u>See</u> Compl. ("Impugnment of civil rights, collusion, conspiracy, bribery[,]
24  obstruction of justice[,] color of law violations[,] abuse of power, corruption[,] entrapment, wire
25  taping, obstruction of access to a mental health facility[,] defamation, slander[,] libel[.]").]
26  However, Plaintiff provides no factual allegations in support of any of these claims.  A complaint
27  must contain more than mere "labels and conclusion" or a formulaic recitation of causes of action.
28  <u>Twombly</u>, 550 U.S. at 555.  Even affording Plaintiff's complaint the special consideration given to

1  *pro se* claimants, his allegations fail to present facts sufficient to support a cognizable legal theory
2  against any of the Defendants.  Although the Court must assume Plaintiff can prove the facts he
3  alleges in his complaint, the Court may not "supply essential elements of the claim that were not
4  initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).
5  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint for failure to
6  state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above.  Plaintiff is cautioned his First Amended Complaint must be complete in itself, without relying on references to the original Complaint.  Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered waived.  See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996). Plaintiff is also cautioned that if his amended complaint does not state a claim, the Court may dismiss his complaint without leave to amend.

**IT IS SO ORDERED.**

**DATED:** August 21, 2012

*[signature]*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**