UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PATRICK STONE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CONRAD PREBY'S; SHARP MESA VISTA HOSPITAL; DAVID BERMAN, Doctor; ELLIOT KANTER; ALVARADO HOSPITAL; SAN DIEGO COUNTY SHERIFF; EL CAJON POLICE DEPARTMENT; KFR STAR REALTY; EL CAJON SUPERIOR COURT; ELLIOTT KANTER LAW OFFICES; and SAN DIEGO COUNTY HOUSING,<br><br>　　　　　　　　　　Defendants. | CASE NO. 12-CV-2031 - IEG (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL [Doc. No. 9]**<br><br>**AND**<br><br>**(2) *SUA SPONTE* DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND [Doc. No. 8]** |

　　　George Patrick Stone ("Plaintiff") commenced this action on August 17, 2012, attempting to allege that his civil rights were violated. [Doc. No. 1.] Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") with his complaint. [Doc. No. 2.] On August 21, 2012, the Court granted Plaintiff's motion for leave to proceed IFP and *sua sponte* dismissed Plaintiff's complaint with leave to amend. [Doc. No. 3.] Plaintiff filed a First Amended Complaint ("FAC") on September 14, 2012. On October 9, 2012, the Court dismissed Defendant El Cajon Superior Court with prejudice, and also dismissed Plaintiff's FAC with leave to amend. [Doc. No. 7.] Plaintiff filed a Second Amended Complaint ("SAC") on November 11, 2012. [Doc. No. 8.] Plaintiff

1  subsequently filed a motion to appoint counsel. [Doc. No. 9.] For the foregoing reasons, the

2  Court **DENIES** Plaintiff's motion to appoint counsel. Having considered Plaintiff's SAC, the

3  Court **DISMISSES** Plaintiff's SAC without leave to amend.

### DISCUSSION

**I.     Plaintiff's Motion to Appoint Counsel**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court **DENIES** Plaintiff's motion without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

**II.    Sua Sponte Dismissal**

**A.     Legal Standard**

After granting IFP status, the Court must dismiss the case if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

"Dismissal is proper when the complaint does not make out a cognizable legal theory or

1  does not allege sufficient facts to support a cognizable legal theory." Cervantes v. Countrywide
2  Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).  In order to properly state a claim for
3  relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint
5  must contain more than a "labels and conclusions" or a "formulaic recitation of the elements of a
6  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
8  must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of]
9  a legally cognizable right of action." Id.
10    Although *pro se* complaints enjoy "the benefit of any doubt," Hebbe v. Pliler, 627 F.3d
11 338, 342 (9th Cir. 2010), Rule 8 still "demands more than an unadorned, the-defendant-
12 unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  The rule of liberal construction
13 "applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9
14 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of
15 the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin, 122 F.3d 1251, 1257
16 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).
17    Further, the Ninth Circuit has recognized that plaintiffs do not enjoy unlimited
18 opportunities to amend their complaints. See McHenry v. Renne, 84 F.3d 1172, 1174 (9th Cir.
19 1996) (affirming district court's dismissal of the plaintiff's third amended complaint without leave
20 to amend when it "restated the prior [complaints] without curing their deficiencies").
21    **B.    Analysis of Federal Claims**
22    In his SAC, Plaintiff again attempts to assert multiple federal law causes of action against
23 various Defendants.  The Court considers each in turn:
24    **1.    ADA Claim against Conrad Preby's**
25    Plaintiff first attempts to assert an Americans with Disabilities Act (ADA) claim against
26 Defendant Conrad Preby's ("Preby's").  Plaintiff alleges that Defendant Preby's violated the ADA
27 "by intentionally and willfully placing covert electronic devices throughout [his] unit." [Doc. No.
28 8, SAC at 2.]  The Court previously dismissed Plaintiff's ADA claim on the grounds that Plaintiff

did not allege that Defendant Preby's discriminated against him on the basis of his disability. [Doc. No. 7.]  In his SAC, Plaintiff attempts to rectify this omission by stating:  "Conrad Preby's, and the above named defendants violated The Americans with Disabilities act [sic] along with several Civil [sic] rights violations [sic] by intentionally discriminating against me on the basis of my age, gender, race, sexual orientation and physical and mental disabilities."  [Doc. No. 8, SAC at 2.]

A complaint must contain factual allegations, and not merely a "formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  Plaintiff's SAC contains only a conclusory statement that Defendant Preby's discriminated against him on the basis of his disability without providing any relevant factual allegations.  Accordingly, the Court **DISMISSES** with prejudice Plaintiff's ADA claim.

**2.   Constitutional Claims against El Cajon Police Department and San Diego Sheriff**

Plaintiff alleges that Defendant El Cajon Police Department violated his First, Second, and Fourth Amendment rights.  [Doc. No. 8, SAC at 4-5.]  He also alleges that Defendant San Diego Sheriff violated his Fourth Amendment rights.  [Id. at 8.]  Although Plaintiff does not specifically state that his claims are being brought under § 1983, the Court affords Plaintiff the benefit of any doubt, see Hebbe, 627 F.3d at 342, and construes these Constitutional claims as being brought under § 1983.

The Court previously dismissed Plaintiff's Constitutional claim against Defendants El Cajon Police Department and San Diego Sheriff because Plaintiff did not plead that his alleged deprivations are the product of policies, customs, or a failure to train, which is required to impose liability on a local government under § 1983, see, e.g. Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011).  [Doc. No. 7.]  In an attempt to rectify this omission, Plaintiff simply states:  "Claim: 1) Acting Under Color of Law. 2). Failure to train municipal employees adequately."  [Doc. No. 8, SAC at 5.]  The Court reiterates that a complaint must contain factual allegations, and not merely a "formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  As Plaintiff does not provide sufficient factual allegations to support his claim that there was a failure

1   to train, the Court **DISMISSES** with prejudice Plaintiff's Constitutional claims against Defendants
2   El Cajon Police Department and San Diego Sheriff.

### 3. Denial of Access to Mental Health Facility

Plaintiff in his FAC alleged that his "Constitutional right to access a Mental Health Facility was breeched [sic]." [Doc. No. 4, FAC at 4.] Plaintiff alleges that Defendant Dr. David Borman ("Borman") told him that he would be escorted out of the hospital because "Conrad Preby's [did] not want [him] in this hospital." [Id.; Doc. No. 8, SAC at 9.] Plaintiff did not specifically identify which Defendants against whom he brought this claim in his FAC, but the Court construed his claim as brought against Defendant Sharp Mesa Vista Hospital and Defendant Borman. The Court dismissed the claim because Plaintiff failed to allege that Defendants were acting under color of state law. [Doc. No. 7.]

In his SAC, Plaintiff does not specifically allege a breach of his Constitutional right to access a mental health facility; rather, he states that he was denied access to a mental health facility and that there were "Color of Law Civil Rights Violations." He also alleges that his rights under the ADA were violated. [Doc. No. 8, SAC at 9.]

The Court previously dismissed Plaintiff's claim for breach of his Constitutional right to access a mental health facility because he failed to allege that Defendants Sharp Mesa Vista Hospital and Borman, which are private parties, were acting under color of state law. [Doc. No. 7.] Because Plaintiff again provides only a "formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, and does not allege that Defendants were acting under color of state law, the Court **DISMISSES** with prejudice Plaintiff's claim for breach of his constitutional right to access a mental health facility. The Court also **DISMISSES** with prejudice Plaintiff's claim that Defendants Sharp Mesa Vista Hospital and Borman violated his rights under the ADA because he fails to provide any factual allegations regarding how Defendants discriminated against him on the basis of his disability.

### 4. Constitutional Claim Against KFR Star Realty

In his SAC, Plaintiff alleges that Defendant KFR Star Realty violated his "Constitutional right to participation in a program or activity receiving Federal [sic] financial assistance." [Doc.

No. 8, SAC at 6.] Before reaching the issue of whether Plaintiff has a Constitutionally-recognized right to participate in a program or activity receiving federal financial assistance, the Court addresses whether Plaintiff may bring a Constitutional claim against Defendant KFR Star Realty, a private party. Under § 1983, Plaintiff must show that the private party acted under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Because Plaintiff does not allege that Defendant KFR Star Realty acted under color of state law, the Court **DISMISSES** with prejudice Plaintiff's claim that Defendant KFR Star Realty violated his Constitutional right to participation in a program or activity receiving federal financial assistance.

### 5. Constitutional Claims against San Diego Sheriff, Conrad Preby's, and KFR Star Realty

Plaintiff asserts a new Constitutional claim against Defendants San Diego Sheriff and Preby's for violation of "[his] Constitutional right to 'privacy' by the vicious, malicious, ongoing, systematic and willful use of concealed electronic devices throughout [his] unit." [Doc. No. 8, SAC at 3.] He also states that KFR Star Realty violated his Constitutional right to privacy. [Id. at 6.] Plaintiff did not assert violations of his Constitutional right to privacy in this FAC, but only an invasion of privacy claim. [Doc. No. 7, FAC at 3.] It appears that Plaintiff is attempting to transform his state law invasion of privacy claim into a federal law claim by simply inserting the word "Constitutional" into his SAC.

Again, Plaintiff fails to allege facts demonstrating that Defendants Preby's and KFR Star Realty, private parties, acted under color of state law. In regards to Defendant San Diego Sheriff, Plaintiff does not plead facts sufficient to demonstrate that his alleged deprivations are the product of policies, customs, or a failure to train. Accordingly, the Court **DISMISSES** with prejudice Plaintiff's constitutional claim against Defendants San Diego Sheriff, Preby's, and KFR Star Realty for alleged violations to his right to privacy.

### B. Supplemental Jurisdiction over State Law Claims

With Plaintiffs federal claims dismissed, only state law claims remain. The Court has supplemental jurisdiction over these state law claims. Under 28 U.S.C. § 1367(c)(3), however, the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction." A district court's decision whether to exercise

supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is "purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 636, 639 (2009); accord Lacey v. Maricopa Cnty., 649 F.3d 1118, 1137 (9th Cir. 2011). In exercising its discretion, the court may look to a host of factors, "including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). In the usual case, where federal claims are dismissed before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (internal quotation omitted); accord Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992) (per curiam); Scholar v. Pacific Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992).

In this case, looking at the balance of factors—including the fact that this case is still in its infancy and that no Defendants have filed a responsive pleading—the Court believes it is more appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims. See Lacey, 649 F.3d at 1137; Gini, 40 F.3d at 1064. Accordingly, the Court **DISMISSES** Plaintiff's remaining state law claims.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to appoint counsel. Further, as currently pleaded, even affording Plaintiff's complaint the special consideration given to *pro se* claimants, Plaintiff's SAC fails to state a claim upon which relief can be granted. In light of Plaintiff's multiple failure to cure the deficiencies of his complaint, the Court **DISMISSES** Plaintiff's SAC without leave to amend. The Court will not entertain any further amended complaints. The clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED:** January 10, 2013

*[signature]*

**IRMA E. GONZALEZ**
**United States District Judge**